WILLING v CITY OF FARMINGTON HILLS

Docket No. 87541. Submitted November 5, 1986, at Lansing. Decided
   April 20, 1987. Leave to appeal applied for.

   Gayna Lynn Willing brought an action in the Oakland Circuit
   Court against the City of Farmington Hills and others alleging
   a deprivation of plaintiff's civil rights as a result of a strip
   search conducted in connection with her arrest for larceny.
   Plaintiff was employed by the City of Farmington Hills as a
   community service officer attached to the police department.
   On December 11, 1979, another employee reported that she had
   lost $904. After an investigation, a warrant was issued for
   plaintiff's arrest on the charge of larceny over $100. Because
   the alleged crime involved an employee attached to the police
   department, defendant Police Chief John Nichols directed de-
   fendant Sergeant Albert Havner to effectuate the arrest as soon
   as possible and, if plaintiff was wearing a uniform, to have it
   removed before sending her to the Oakland County Jail, for
   plaintiff's own protection. On December 23, 1979, at the Farm-
   ington Hills police station, Sgt. Havner arrested the plaintiff.
   Sgt. Havner called in a female officer, defendant Jane Kolasa,
   to assist in the arrest. At the time of the arrest, plaintiff was
   wearing her uniform. Sgt. Havner gave Officer Kolasa a stan-
   dard institutional paper garment, told her to take the plaintiff
   into the ladies' room, and have her put the garment on. The
   two women went to the ladies' room, which was visually secure,
   and Officer Kolasa stood near the door. The plaintiff removed
   all of her clothes. Officer Kolasa asked the plaintiff to bend
   slightly, and walked around her. Officer Kolasa asked the
   plaintiff to squat slightly, looked at her, and may have walked
   around her again. Officer Kolasa did not touch her or verbally
   or physically abuse her in any way. The court, Steven N.
   Andrews, J., granted defendant's motion for summary judg-
   ment, finding that the strip search was not unreasonable and

REFERENCES

Am Jur 2d, Searches and Seizures § 2.

Fourth Amendment as prohibiting strip searches of arrestees or
   pretrial detainees. 78 ALR Fed 201.

that defendants were, therefore, not liable. Defendants appealed.

The Court of Appeals *held:*

To determine whether or not a search is reasonable under the Fourth Amendment requires a balancing of the need for the particular search against the invasion of personal rights that the particular search entails after considering the scope of the particular intrusion, the manner in which it was conducted, the justification for initiating it and the place in which it was conducted. The Court of Appeals found the search to have been unreasonable.

Reversed and remanded.

SEARCHES AND SEIZURES — REASONABLENESS.

To determine whether or not a search is reasonable under the Fourth Amendment requires a balancing of the need for the particular search against the invasion of personal rights that the particular search entails after considering the scope of the particular intrusion, the manner in which it was conducted, the justification for initiating it and the place in which it was conducted.

*Richard J. Amberg, Jr.,* for plaintiff.

*Brennan, Bibeau & Poehlman, P.C.* (by *Frank J. Catalano*), for defendants.

Before: D. E. HOLBROOK, JR., P.J., and ALLEN and P. J. CLULO,\* JJ.

PER CURIAM. Plaintiff appeals as of right from the order entered in circuit court granting defendants City of Farmington Hills, Albert Havner, Jane Kolasa and John Nichols' motion for summary judgment on the basis that the strip search to which plaintiff was subjected by defendants was not unreasonable and, therefore, defendants were not liable for any violation of plaintiff's constitutional rights under 42 USC 1983. We are asked only to review the trial court's finding with respect to the constitutionality of the strip search. We find

\* Circuit judge, sitting on the Court of Appeals by assignment.

that the search was unreasonable and reverse the order of the trial court and, pursuant to the stipulation between the parties, remand the case for trial on plaintiff's remaining claims.

The pertinent facts were adequately set forth by the trial court:

> The Court makes the following findings of fact. Plaintiff Gayna Willing was employed by the City of Farmington Hills as a community service officer attached to the police department.
>
> On December 11, 1979, another employee reported that she had lost $904.00. After an investigation, a warrant was issued for plaintiff's arrest on the charge of larceny over $100.00.
>
> Because the alleged crime involved an employee attached to the police department, Police Chief John Nichols, a defendant here, maintained close scrutiny over the matter. He directed Sergeant Albert Havner, also a defendant here, to effectuate the arrest as soon as possible and, if plaintiff was wearing a uniform, to have it removed, before sending her to the Oakland County Jail, for plaintiff's own protection.
>
> On December 23, 1979, at the Farmington Hills Police Station, Sgt. Havner arrested the plaintiff. Sgt. Havner called in a female officer, Jane Kolasa, also a defendant here, to assist in the arrest.
>
> At the time of the arrest, plaintiff was wearing her uniform. Sgt. Havner gave Officer Kolasa a standard institutional paper garment, told her to take the plaintiff into the ladies' room, and have her put the garment on.
>
> The two (2) women went to the ladies' room, which the plaintiff agrees was visually secure, and Officer Kolasa stood near the door. The plaintiff removed all of her clothes. Officer Kolasa asked the plaintiff to bend slightly, and walked around her; Officer Kolasa asked the plaintiff to squat slightly, looked at her, and may have walked around her again. Plaintiff agrees that Officer

Kolasa never touched her or verbally or physically abused her in any way.

Plaintiff donned the paper garment, and was placed in a cell by herself until she was transported to the Oakland County Jail.

Plaintiff seeks to impose liability on the City of Farmington Hills and its employees pursuant to 42 USC 1983 which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

The Fourth Amendment prohibits unreasonable searches and seizures. *United States v Sharpe,* — US —; 105 S Ct 1568; 84 L Ed 2d 605 (1985). Plaintiff claims the search which took place herein was unreasonable.

The reasonableness of a search and, therefore, its legal validity depends on the facts and circumstances of each case:

> The test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application. In each case it requires a balancing of the need for the particular search against the invasion of personal rights that the search entails. Courts must consider the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted. [*Bell v Wolfish,* 441 US 520, 559; 99 S Ct 1861; 60 L Ed 2d 447 (1979).]

In finding the search at issue herein reasonable, the trial court relied on *Dufrin v Spreen,* 712 F2d 1084 (CA 6, 1983). In that case, the plaintiff was arrested on the charge of assault with a broom handle. She was taken to a small room by a matron, who required her to remove her clothes. The matron then observed the plaintiff from the front, asked her to bend over and then viewed her from the rear. She was then required to put on a prison uniform. The Court found the search to be reasonable, noting that the plaintiff was charged with a violent felony, that there was a duty to confine the plaintiff until properly relieved, that the plaintiff would ultimately come into contact with the general prison population, that the search was only visual, that the search was conducted by a female attendant in a private room, and that there was no claim of offensive behavior by the matron.

The trial court herein found the instant case to be analogous to *Dufrin.* We disagree. Here, plaintiff was known to the arresting officers and they had no apparent reason to suspect that she was armed or that she had contraband on her person. The arrest took place twelve days after the theft, when plaintiff had just arrived at work, so it was not reasonable to expect that plaintiff had the stolen property on her person or was armed. Further, unlike the plaintiff in *Dufrin,* plaintiff herein was not suspected of a violent felony but, rather, of a nonviolent theft offense. Moreover, the original purpose of having plaintiff remove her own clothes and don jail garb was so that she would not be harmed once lodged at the county jail among the general jail population. Turning this into a strip search is unreasonable to us. Hence, we find the strip search at issue to be an unreason-

able search and seizure in violation of the Fourth Amendment.

Because the parties stipulated that the only issue to be decided on appeal was the constitutionality of the strip search, we decline to review the issue of defendants' liability. Although the trial court found defendants City of Farmington Hills and Police Chief Nichols not liable under 42 USC 1983 for implementing a policy of harassment, the trial court erroneously discussed the issue of harrassment separate from that of the strip search. As a result we are unable to determine the trial court's findings of liability on the part of all the defendants with respect to the strip search. Hence we direct the trial court to resolve that issue on remand. We urge the court to consider defendants City of Farmington Hills and Police Chief Nichols' liability in light of *Monell v Dep't of Social Services of New York,* 436 US 658; 98 S Ct 2018; 56 L Ed 2d 611 (1978), and the other individual defendants' liability in light of *Fann v City of Cleveland,* 616 F Supp 305, 314-315 (ND Ohio, 1985).

In conclusion, pursuant to the parties' stipulation, upon a finding by this Court that the strip search was unconstitutional, we remand the case to the trial court for further proceedings with respect to the defendants' liability under 42 USC 1983 and plaintiff's remaining claims.

Reversed and remanded for further proceedings.